UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael E. Hamm, *a/k/a* Michael Eugene Hamm, | ) | C/A No. 9:16-2922-RMG-BM |
| Petitioner, | ) ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| South Carolina, State of; Rodney Davis, *Attorney*; Sexually Violent Predator Treatment Program; Holly Scaturo; State of South Carolina Department of Mental Health; John McGill, | ) ) ) ) ) ) | |
| Respondents. | ) ) | |

\

      Petitioner, Michael E. Hamm, is confined at the South Carolina Department of Mental Health (SCDMH) as part of the Sexually Violent Predator (SVP) Treatment Program pursuant to the South Carolina SVP Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. Petitioner failed to sign his Petition filed in this action, which he titled "Petition of Actual Innocence and Jurisdictional Defect Claim In An As-Applied Challenge Under McQuiggin v. Perkins ....(Actual Innocence);" Petition, ECF No. 1; however, he subsequently filed an almost identical Petition in Civil Action Number 9:16-3293-RMG-BM (the first seven pages of this Petition [ ECF Nos. 1 at 1-5, 1-1 at 29-30] are identical to those filed in the later Petition [ECF No. 1 at 1-7], which contained a signature page [ECF No. 1 at 8] in the later filed petition). These two cases have therefore been consolidated. See Order, ECF No. 7.

      The Petition appears to be brought pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2254 for the purpose of challenging Petitioner's conviction and sentence imposed in South

Carolina case number 1999-GS-18-0318 on the charge of lewd act upon a minor.  Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[1] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act of 1996; and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  However, even when considered pursuant to this less stringent standard, for the reasons set forth hereinbelow the petition submitted in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  See Weller v. Dep't of Soc. Serve., 901 F.2d 387 (4th Cir. 1990).

---

[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].

## Discussion

Petitioner is challenging his conviction in June 1999 on the charge of lewd act on a minor.[2] Petitioner was sentenced to three years imprisonment suspended upon five years probation. ECF No. 1 at 1. This conviction was entered in Dorchester County General Sessions Court following Petitioner's alleged uncounseled plea of nolo contendre. Petitioner states that although he did not file a direct appeal of his 1999 lewd act on a minor conviction and sentence, he did file two (2) applications for post-conviction relief (APCR) in the Dorchester County Common Pleas Court. With respect to these two PCR actions, case number 2009-CP-18-1245 was dismissed on April 6, 2010, and case number 2011-CP-18-2178 was dismissed on January 10, 2012. ECF No. 1 at 4. In the section of his Petition titled "Newest History," Petitioner states that later filed another PCR application (case number 2013-CP-18-1859). ECF No. 1-1 at 29. Records from Dorchester County indicate that this PCR case was denied on October 29, 2015,[3] a notice of appeal was filed on May 13, 2016, the appeal was dismissed on August 11, 2016, and the remittitur was filed on September 1, 2016. Dorchester County First Judicial Circuit Public Index, http://publicindex.sccourts.org/Dorchester/PublicIndex/CaseDetails. aspx?County=18&CourtAgency=18002&Casenum=2013CP1801859&CaseType=V&HKey=891

---

[2]It is noted that Petitioner previously attempted to challenge his civil commitment and his June 1999 criminal conviction in Civil Action Number 9:13-cv-771-RMG. However, that action was dismissed without prejudice because Petitioner had not exhausted the state court procedures to challenge his civil confinement or the 1999 criminal conviction. Hamm v. South Carolina, No. 9:13–cv–771–RMG, 2013 WL 3107571, at *3 (D.S.C. Jun. 18, 2013).

[3]Petitioner states that this APCR was denied on October 29, 2016 (ECF No. 1-1 at 29). However, this appears to be a scrivener's error, as the Petition was filed well before that date and the Dorchester County records noted above indicate that the case was dismissed on October 29, 2015.



1983105807573711001004865107651077266105375098118747154791051181089798531101047555489910210111711012137501027 7 (last visited Nov. 15, 2016).[4]

Records provided by Petitioner indicate that after he was arrested in 2002 on new charges, his suspended sentence from June 1999 was revoked, and he was sentenced in 2003 to three years imprisonment, with credit for 364 days, with the 1999 sentence to run concurrent with the sentences for his new convictions. See ECF No. 1-1 at 39. A petitioner seeking to challenge his detention through a federal habeas action must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). The "in custody" requirement necessitates that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–491(1989); see Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986)[petition filed pursuant to 28 U.S.C. § 2254]. Here, however, Petitioner has not alleged that he is currently serving a sentence with respect to his 1999 conviction, or that that sentence has not run, and a petitioner who "is no longer serving the sentences imposed pursuant to his [earlier] convictions...cannot bring a federal habeas petition directed solely at those convictions." Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); see also De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) [a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal court's subject matter jurisdiction, and a habeas petition filed by such a

---

[4]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. Sept. 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



person is properly denied]; Lefkowitz v. Fair, 816 F.2d 17, 20 (1st Cir. 1987)[habeas petition filed after an individual's unconditional release from prison properly denied by the district court]. Petitioner has provided no facts in his pleadings to demonstrate that he presently is "in custody" on his June 1999 sentence.[5]  Indeed, there is no indication in Petitioner's filing that he is currently serving any sentence at all.    Although Petitioner may be seeking habeas relief as to his civil commitment (pursuant to the SVP Act), he has not alleged that he received a later enhanced criminal sentence based on his 1999 conviction.[6]   Hence, as Petitioner has not  met the "in custody" requirement of §§ 2254 or 2241, this action must be dismissed for lack of subject matter jurisdiction.

Alternatively, to the extent Petitioner is instead attempting to challenge his detention at the SCDMH pursuant to the SVP Act, it is unclear from Petitioner's filing whether he is involuntarily or voluntarily committed there.  In a previous petition filed in this Court,[7] Petitioner stated that he voluntarily committed himself to the SVP Treatment Program in order "to save" his right to a jury trial.  See Hamm v. State of South Carolina, No. 9:13-771-RMG, 2013 WL 3107571, at **1 and 3 (D.S.C. Jun. 18, 2013).  As such, this Court has previously held that, as a voluntarily committed patient of the SVP Treatment Program, Petitioner is not "in custody" for purposes of obtaining federal habeas relief.  See Hamm v. Magill, No. 11-3098, 2012 WL 393632, at * 1 (D.S.C.

_____

[5]Even if his 1999 custody sentence was not imposed until 2003 as part of his sentencing on his new convictions, that sentence would have long since expired.  See ECF No. 1-1, at 39.

[6]The Supreme Court has found that "when an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." Lackawanna, 532 U.S. at 404.

[7]Petitioner is a frequent filer of litigation in this Court, having filed at least twenty (20) previous court actions asserting various claims and requests for relief.

5

Feb. 6, 2012). However, in response to the question in his current Petition as to whether he was under sentence from any other court that he had not challenged, Petitioner wrote "Yes- The Sexually Violent Predator Treatment Program." ECF No. 1-1 at 29. Therefore, giving Petitioner's pro se filing the liberal construction to which it is entitled, and to the extent that Petitioner is being held involuntarily under the SVP Act, such an involuntary commitment pursuant to an SVP commitment order satisfies the "in custody" requirement for purposes of seeking habeas relief. See Duncan v. Walker, 533 U.S. 167, 176 (2001).

Even if Petitioner is involuntarily committed and therefore satisfies the "in custody" requirement, however, a writ of habeas under 28 U.S.C. §§ 2241 or 2254 can be sought by the Petitioner for such a claim only after he has exhausted his state court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)["Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, [a] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."]. See also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973) [exhaustion required under 28 U.S.C. § 2241]. Petitioner has not shown, or even alleged, that he has exhausted his state court remedies so as to allow him to challenge in this Federal Court his continued confinement under the SVP Act.

Pursuant to S.C. Code Ann. §§ 44-48-110, 44-48-120, and 44-48-130, there is a comprehensive system of SCDMH and state court review by which a committed person under the SVP Act is provided with an annual hearing to review his status. The committed person is permitted to petition the state court for release at this hearing, and if the state court determines that probable cause exists to believe that the committed person is safe to be at large and, if released, is not likely



6

to commit acts of sexual violence, the court must schedule a trial on the issue.  At this trial, the

Attorney General must represent the State and has the right to have the committed person evaluated

by qualified experts chosen by the State.  Further, the trial must be before a jury if requested by either

the person, the Attorney General, or the Solicitor, and the burden of proof at the trial is upon the

State to prove beyond a reasonable doubt that the committed person is not safe to be at large and,

if released, is likely to engage in acts of sexual violence.  See S.C. Code Ann. § 44-48-110.

   Petitioner has not alleged that he has petitioned the state court for release and that his

petition was denied with or without a hearing and/or a trial.  Further, as with an initial trial and

adjudication of SVP status, if the civilly committed person does not prevail at the trial level, the

State of South Carolina provides appellate judicial review of all findings made by the civil trial judge

under the SVP Act.  This appellate review of the Court of Common Pleas' final civil commitment

determination is generally conducted by the South Carolina Court of Appeals; White v. State, 649

S.E.2d 172 (S.C. Ct. App. 2007); although this review may also be conducted by the Supreme Court

of South Carolina upon certification from the South Carolina Court of Appeals.  See Care &

Treatment of Beaver v. State, 642 S.E.2d 578, 579, 580 n.2 (S.C. 2007); and Rule 204(b), SCACR.

Petitioner has failed to allege that, if he received an adverse result at trial, he unsuccessfully appealed

that decision to the South Carolina Court of Appeals.

   Because Petitioner's federal Petition fails to establish that he has proceeded through

the statutory review and appeal procedures of South Carolina's SVP Act, he has not exhausted his

state court remedies.  See Michau v. Joan W. Warden, 9th Circuit Solicitor's Office, No.

2:11-0286-RMG-BM, 2011 WL 4943631,*2 (D.S.C. Oct. 17, 2011) ["Plaintiff's avenue of appeal

of this determination is in state court and not in this Court."]; see also Jordan v. McMaster, No.

8:09-0051-CMC-BHH, 2010 WL 419928, *3 (D.S.C. Jan. 29, 2010) ["[A]s Petitioner cannot establish cause and prejudice for his failure to exhaust his state court remedies, consideration of the merits of this petition is foreclosed."].    Accordingly, this Court lacks jurisdiction to entertain Petitioner's § 2241 Petition as to his civil commitment at this time, even assuming that is the relief he is seeking in this case.

To the extent that Petitioner is instead asking that this Court address a claim concerning ongoing SVP proceedings (which does not appear to be the case, but which is discussed hereinbelow out of an abundance of caution), this Court should not do so based on the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37 (1971). "Younger abstention is a doctrine requiring federal courts to refrain from interfering with ongoing state judicial proceedings that implicate important state interests."  Life Partners, Inc. v. Morrison, 484 F.3d 284, 300 (4th Cir. 2007); see Bellotti v. Baird, 428 U.S. 132, 143 n. 10 (1976)["[I]t would appear that abstention may be raised by the court [s]ua sponte."]. The Younger abstention doctrine applies "to noncriminal judicial proceedings when important state interests are involved." Harper v. Pub. Serv. Comm'n of W. Va., 396 F.3d 348, 351 (4th Cir. 2005) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  Petitioner has not alleged the "most narrow and extraordinary of circumstances" that could justify federal intrusion into what may well be ongoing state judicial proceedings. Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (citing Younger v. Harris, 401 U.S. at 43–44, 54); see Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994)[setting forth the relevant test for determining whether prudential considerations counsel against the exercise of federal habeas power].



8

Finally, the undersigned is constrained to note that Petitioner has named Rodney Duane Davis, an attorney who appears to have represented Petitioner in the appeal of his state court APCR, as a respondent in his Petition, and therefore may (again, construing the Petition liberally) be attempting to assert an ineffective assistance of counsel claim against Davis pursuant to 42 U.S.C. § 1983. Such a claim is not cognizable under habeas corpus review, because the relief sought does not relate to Petitioner's length of incarceration or possibility of release. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)["[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."]. Further, even if brought under § 1983, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, and therefore Davis would not be a proper party Defendant under such a claim. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."];[8] Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)[private attorney]. Therefore, Davis is not a proper party Defendant in this case.

## Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be dismissed, without prejudice and without requiring Respondent to file a return.

---

[8]In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).

9

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November _17_, 2016
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

