# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Hamm, *a/k/a* Michael Eugene Hamm, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>South Carolina, State of; Rodney Davis, Attorney; )<br>Sexually Violent Predator Treatment Program; )<br>Holly Scaturo; State of South Carolina Department )<br>of Mental Health; John McGill, )<br>)<br>Respondents. )<br>) | No. 9:16-cv-02922-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11), recommending that Petitioner's Petition for habeas corpus be dismissed, without prejudice and without requiring Respondent to file a return. Plaintiff has filed objections to the R & R. (Dkt. No. 18.) For the reasons stated below, the Court **ADOPTS** the R & R as the order of this Court.

## I. Background

Petitioner, Michael E. Hamm, is confined at the South Carolina Department of Mental Health (SCDMH) as part of the Sexually Violent Predator (SVP) Treatment Program pursuant to the South Carolina SVP Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. Petitioner, proceeding pro se, seeks relief under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254, challenging his conviction and sentence imposed in South Carolina case number 1999-GS-18-0318 for the charge of lewd act upon a minor.

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and this Court will liberally construe a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## II. Facts

Petitioner was convicted in June 1999 of the charge of lewd act on a minor and sentenced to three years imprisonment suspended upon five years' probation following his allegedly uncounseled plea of nolo contendere. (Dkt. No. 1 at 1.) Petitioner did not directly appeal this conviction[1] but claims to have filed two applications for post-conviction relief (both of which were dismissed) and a third which was denied on October 29, 2015. (Dkt. No. 11 at 3.) Petitioner's appeal of this third denial was dismissed on August 11, 2016, and remittitur was filed on September 1, 2016. (*Id.*) When Petitioner was arrested on new charges in 2002, his suspended sentence from his June 1999 conviction was revoked. Petitioner was sentenced in 2003 to three years imprisonment.[2] (Dkt. No 1-1 at 39.)

---

[1] Petitioner previously attempted to challenge his civil commitment and his June 1999 criminal conviction in Civil Action Number 9: 13-cv-771-RMG. That action was dismissed without prejudice because Petitioner had not exhausted the state court procedures to challenge his civil confinement or the 1999 criminal conviction. *Hamm v. South Carolina*, No. 9:13-cv-771-RMG, 2013 WL 3107571, at *3 (D.S.C. Jun. 18, 2013).

[2] Petitioner was given credit for 364 days and his 1999 sentence was to run concurrently with his 2003 sentence.

2

## III. Discussion

### A. Relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254

A petitioner seeking to challenge his detention through a federal habeas action must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3). To meet the "in custody" requirement, Petitioner must show that he is "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-491(1989); *see Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (petition filed pursuant to 28 U.S.C. § 2254). A petitioner who "is no longer serving the sentences imposed pursuant to his [earlier] convictions ... cannot bring a federal habeas petition directed solely at those convictions." *Lackwanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *see also De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal court's subject matter jurisdiction, and a habeas petition filed by such a person is properly denied); *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987) (habeas petition filed after an individual's unconditional release from prison properly denied by the district court).

Petitioner has provided no facts in his pleadings to demonstrate that he presently is "in custody" on his June 1999 sentence[3] or is currently serving any sentence at all. While Petitioner may be seeking habeas relief as to his civil commitment (pursuant to the SVP Act), he has not alleged that he received a later enhanced criminal sentence based on his 1999 conviction.[4] Because Petitioner has not met the "in custody" requirement of §§ 2254 or 2241, this action must be dismissed for lack of subject matter jurisdiction.

---

[3] Even if Petitioner's 1999 custody sentence was not imposed until 2003 when he was sentenced for his new convictions, that sentence would have long since expired. (Dkt No.1-1 at 39.)

[4] The Supreme Court has found that "when an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Lackawanna*, 532 U.S. at 404.

### B. Relief under the Sexually Violent Predator (SVP) Act

To the extent Petitioner attempts to challenge his detention at the SCDMH pursuant to the SVP Act, this Court has considered Petitioner's eligibility for relief if he is voluntarily committed or, in the alternative, involuntarily committed.

#### 1. Voluntary Commitment

In a previous petition filed in this Court[5] Petitioner stated that he voluntarily committed himself to the SVP Treatment Program "to save" his right to a jury trial. *See Hamm v. State of South Carolina*, No. 9:13-771-RMG, 2013 WL 3107571, at ** 1 and 3 (D.S.C. Jun. 18, 2013). In his objections to the current Petition, Petitioner provided the order of voluntary commitment and the transcript from the voluntary commitment hearing at which he agreed to be voluntarily committed while represented by counsel. (Dkt 18-1 at 14-26.) As a voluntarily committed patient of the SVP Treatment Program, Petitioner is not "in custody" so is not eligible for federal habeas relief. *See Hamm v. Magill*, No. 11-3098, 2012 WL 393632, at * 1 (D.S.C. Feb. 6, 2012).

#### 2. Involuntary Commitment

Following the Magistrate Judge, this Court also considered the merits of this petition in the event Petitioner argues that he is involuntarily committed in an abundance of caution. In his current Petition, Petitioner responded to the question as to whether he was under sentence from any other court that he had not challenged in the affirmative, indicating that "Yes" he was under sentence from the "The Sexually Violent Predator Treatment Program." (Dkt. No. 1-1 at 29.) To the extent that Petitioner is being held involuntarily under the SVP Act, his commitment satisfies the "in custody" requirement for purposes of seeking habeas relief. *See Duncan v. Walker*, 533

---

[5] Petitioner has filed at least twenty (20) previous court actions pursuing various claims for relief.

U.S. 167, 176 (2001). Nonetheless, Petitioner may only pursue a writ of habeas under 28 U.S.C. §§ 2241 or 2254 after he has exhausted his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.") As detailed in the R & R, Petitioner has not alleged or shown that he has exhausted his state court remedies to challenge his confinement under the SVP Act, so he is not eligible to pursue a remedy in this Federal Court. (Dkt. No. 11 at 6-7.) Accordingly, even if Petitioner has alleged that he is involuntarily committed at this time, this Court lacks jurisdiction to entertain his Petition.

### 3. Ongoing SVP Proceedings

To the extent Petitioner has asked this Court to review claims concerning ongoing SVP proceedings, this Court will not do so based on the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). "Younger abstention is a doctrine requiring federal courts to refrain from interfering with ongoing state judicial proceedings that implicate important state interests." *Life Partners, Inc. v. Morrison*, 484 F.3d 284, 300 (4th Cir. 2007); *see Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) ("[I]t would appear that abstention may be raised by the court [s]ua sponte."). The *Younger* abstention doctrine applies "to noncriminal judicial proceedings when important state interests are involved." *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 351 (4th Cir. 2005) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Petitioner has not alleged the "most narrow and extraordinary of circumstances" that could justify federal intrusion into what may well be ongoing state judicial proceedings. *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. at 43-44, 54); *see Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392,

5

1396 (4th Cir. 1994) (setting forth the relevant test for determining whether prudential considerations counsel against the exercise of federal habeas power).

### C. Ineffective Assistance of Counsel

Petitioner has named Rodney Davis, the attorney who appears to have represented Petitioner in his appeal of his state court APCR, as a Respondent in this matter. Construing this petition liberally, and taking into account Petitioner's arguments in his Objections to the R & R, Petitioner has attempted to assert an ineffective assistance of counsel claim against Mr. Davis under 42 U.S.C. § 1983. The relief Petitioner seeks is not available under habeas corpus review because it does not relate to Petitioner's length of incarceration or possibility of release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.")

To state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167 (1961). An attorney (whether retained, court-appointed, or a public defender) does not act under color of state law, so Mr. Davis is not a proper Defendant/Respondent in this case. *See Polk Cty. v. Dodson*, 454 U.S. 312, 317-324 nn. 8-16 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

For the above reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 11) as the Order of the Court, and **SUMMARILY DISMISSES THE COMPLAINT WITHOUT PREJUDICE** and **WITHOUT REQUIRING RESPONDENT TO FILE A RETURN.**

**AND IT IS SO ORDERED.**

### D. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

_____
Richard Mark Gergel
United States District Court Judge

January 17, 2017
Charleston, South Carolina

7